IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 1:18-CR-457 (AJT) |
| ) | |
| BIJAN RAFIEKIAN, *et al.*  ) | |
| ) | |
| Defendants.  ) | |

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
DEFENDANT'S INADMISSIBLE HEARSAY STATEMENTS

The government hereby moves in limine to exclude any self-serving hearsay statements of the defendant, Bijan Rafiekian, that are offered by the defense and elicited through various witnesses at trial. The government anticipates that the defense may seek to introduce self-serving hearsay statements Rafiekian made to various government witnesses while cross-examining those witnesses, and may also seek to introduce self-serving hearsay statements of the defendant through their own witnesses. As discussed below, the government intends to introduce into evidence a number of Rafiekian's inculpatory statements pursuant to Federal Rule of Evidence 801(d)(2)[1], but no rule permits Rafiekian to introduce his own out-of-court statements without subjecting himself to cross-examination.

I.   Rafiekian's Self-Serving Hearsay Statements Are Inadmissible

During the course of pre-trial hearings in this case, the defense has suggested that it

---

[1] While this motion primarily focuses on the defendant's statements as Admissions of a Party Opponent under FRE 801(d)(2)(A), the government is not conceding other evidentiary bases for also admitting this evidence including, but not limited to, Rule 801(d)(2)(B)(Adoptive admissions) and 801(d)(2)(E)(co-conspirator statements).

intends to offer the defendant's self-serving hearsay statements during trial. For example, the defense has described how it could point out the numerous instances where the defendant claimed to various witnesses that the client for the Gulen Project was, not the government of Turkey, but Ekim Alptekin's company in the Netherlands, Inovo BV. Similarly, the defense has indicated that it may well call Robert Kelley to testify about a conversation that he had with the defendant that, the defense claims, is relevant to an advice of counsel defense.[2]

Rule 801(d)(2)(A) permits the government to introduce a defendant's statements as admissions of a party-opponent. Such statements are not considered hearsay, and therefore can be admitted against a defendant. *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). In contrast, a defendant may not introduce his own out-of-court statements without testifying at trial. *See id.* at 696 (holding that the Federal Rules of Evidence do not "provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); *see also United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014) ("[Defendant]'s excluded statements, though possibly exculpatory, do not fall within any hearsay exception that would authorize their admission into evidence."). Otherwise, a defendant could place his statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

---

[2] In its Motion In Limine to Preclude the Defendant from Presenting Evidence of Argument on Advice of Counsel or the Lobbying Disclosure Act (Dkt. 127) at p.p. 7-8, the government explicitly argued that having Robert Kelley testify about what the defendant told him in conversation, was inadmissible hearsay. The defense responded in its Opposition to the Government's Motion In Limine to Preclude the Defendant from Presenting Evidence of Argument on Advice of Counsel or the Lobbying Disclosure Act (Dkt. 156) at p.p. 12-15 that the Court should defer ruling on this issue until trial. So as to the proposed testimony of Robert Kelley, this is an issue that will need to be resolved at trial. And if, as it has indicated, the defense attempts to offer a written declaration of Robert Kelley in lieu of his live testimony, this would present another level of inadmissible hearsay, and the government would also object to that evidence.

The reason for the limitation set forth in Rule 801(d)(2) is clear: the government may not compel a defendant to testify at trial and therefore can only introduce his statements through a third party; the defendant, however, is in control of the decision whether or not to testify and therefore retains the freedom to rebut any of his prior statements by taking the stand. A contrary rule would allow a defendant to make exculpatory statements to third parties before trial, and then either to cross-examine government witnesses about those exculpatory statements, or to call the third parties at trial—in effect allowing the defendant to testify without facing the risk and truth-seeking benefits of cross-examination.

The traditional hearsay requirement that extra-judicial assertions be excluded is based upon the premise that there would be no opportunity for the opponent to cross-examine the declarant. 2 George E. Dix et al., McCormick On Evidence § 254 (7th ed. 2016). However, when the statement was made by the opponent, the opponent has no need to cross-examine herself. *Id*. Furthermore, the opponent has the opportunity to take the stand and explain her statements. *Id*. Conversely, when a defendant's prior statement is being offered against the government, the government would not have the opportunity to cross-examine the defendant about the statement, nor would it have the ability to call the defendant as a witness to question her about the statement. *Id*.

II. The Rule of Completeness Does Not Render
     Rafiekian's Hearsay Statements Admissible

Federal Rule of Evidence 106 provides a limited exception to the rule that a defendant may not elicit his own hearsay statement. Rule 106 states that "[i]f a party introduces all or part of a ***writing or recorded statement***, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be

considered at the same time." Fed. R. Evid. 106 (emphasis added).

Importantly, however, "the rule of completeness does not render admissible . . . evidence which is otherwise inadmissible under the hearsay rules." *Hassan*, 742 F.3d at 134 (quoting *United States v. Lentz,* 524 F.3d 501, 526 (4th Cir. 2008)) (internal quotation marks omitted). Nor does the rule of completeness "require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.* (quoting *Lentz,* 524 F.3d at 526); *see also Wilkerson*, 84 F.3d at 696 (holding that "even if, as [the defendant] claims, Rule 106 had applied to this testimony, it would not render admissible the evidence which is otherwise inadmissible under the hearsay rules").

As noted above, Rule 106 is a very limited rule which applies only to written or recorded statements. *See*, Advisory Committee Notes, 1972 Proposed Rules ("For practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations").[3] At trial, the government does intend to introduce a number of written or recorded statements of the defendant, many of which are emails. However, in most instances, the government will introduce the entire email, so Rule 106 would not even apply. And to the extent that the defense contends that a written or recorded statement is incomplete, they can make an argument at that time for what else should be included from a writing or recording "that in fairness ought to be considered at the same time." FRE 106.

However, what the defense appears intent on introducing are the defendant's self-serving *oral* statements through various witnesses. The Rules of Evidence do not allow for such an

---

[3] The Fourth Circuit has held that the fairness standard does not permit a defendant to introduce his entire recorded statement even when the government has only offered a portion of it. Rather, the rule permits the introduction of those portions that (1) explain an admitted portion, (2) place an admitted person in context, or (3) are necessary to avoid misleading the trier of fact. *United States v. Ricks*, 882 F.2d 885, 892-893 (4th Cir. 1998).

approach, because there do not appear to be any exceptions under the Federal Rules of Evidence that would allow such plainly inadmissible hearsay to be admitted. While a specific Rule of Evidence, Rule 801(d)(2)(A), permits the introduction of the defendant's communications as admissions of a party-opponent, as discussed above, Rafiekian may not seek to rebut this evidence by introducing his self-serving statements because no hearsay exception permits their admission, the rule of completeness does not render admissible evidence that is otherwise inadmissible, and fundamental fairness requires that a defendant's testimony be subject to cross-examination. *See*, *e.g.*, *Hassan*, 742 F.3d at 134–35 (upholding exclusion of defendant's exculpatory statements under Rule 106 because they were inadmissible hearsay); *Wilkerson*, 84 F.3d at 696 (holding that the government was entitled to introduce the defendant's inculpatory statements as admissions under Rule 801(d)(2)(A), but that the defendant could not introduce exculpatory portions of the same statements under Rule 106 because they were inadmissible hearsay). If Rafiekian wants to offer testimony concerning his conduct or intent, he can do so by taking the stand at trial, subjecting himself to cross-examination, and permitting the jury to weigh his credibility.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court exclude from trial any hearsay statements of Rafiekian that are offered by the defense and elicited through government witnesses or defense witnesses.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

     /s/                                  By:     /s/

| | |
|---|---|
| Evan N. Turgeon | John T. Gibbs |
| Trial Attorney | Virginia Bar No. 40380 |
| Counterintelligence | James P. Gillis |
|    and Export Control Section | Virginia Bar No. 65055 |
| National Security Division | Assistant United States Attorneys |
| United States Department of Justice | S. Katie Sweeten |
| 950 Pennsylvania Ave., NW | Special Assistant United States Attorney |
| Washington, DC 20530 | The Justin W. Williams |
| (202) 353-0176 |    United States Attorney's Office |
| Evan.Turgeon@usdoj.gov | 2100 Jamieson Avenue |
| | Alexandria, VA 22314 |
| | (703) 299-3700 |
| | (703) 299-3982 (fax) |
| | John.Gibbs@usdoj.gov |
| | James.P.Gillis@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
John T. Gibbs
Assistant United States Attorney