IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:18-CR-457 (AJT) |
| | ) | |
| BIJAN RAFIEKIAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S BRIEF ON CONTESTED PROPOSED JURY INSTRUCTIONS**

The Government files this brief pursuant to the Court's Trial Order to state its objections to the following instructions proposed by the Defendants.

I. <u>Defendant's Proposed Instruction No. 11, 14, 33, 40, 45, 46, 47, 51 and 57</u>

The Government objects to Defendant's proposed jury instructions numbers 11, 14, 33, 40, 45, 46, 47, 51 and 57 cited as "modifications" to O'Malley, Greenig and Lee's "Federal Jury Practice and Instruction," 6th ed. 2015. In "modifying" these instructions, they have inserted language and deleted key paragraphs such that the original character and intent of the instructions no longer exist. For example, in Defendant's proposed instruction number 45 "Conspiracy—Existence of an Agreement," the first sentence in the standard instruction reads "The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they…" The Defendant inserted the phrase "as to each defendant" at the beginning of that sentence, improperly instructing the jury that the Government must prove elements as to a co-defendant who is not currently on trial, adding elements and raising the burden.

The defendant also deletes the entire fourth paragraph from the standard instruction which creates a balanced and fair instruction for both sides. The deleted paragraph from the original

instruction reads:

> To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.).

Additionally, the Defendant inserts additional language in the last sentence of the charge which improperly instructs the jury on the law of conspiracy.

These are not mere "modifications" of the "Federal Jury Practice and Instruction" text, but rather, new instructions entirely that are not supported by another recognized source. This pattern continues with the other instructions numbers 11, 14, 33, 40, 46, 47, 51 and 57. As such, these instructions should be excluded and the Government proposes using the original, unaltered instructions on the same topics from "Federal Jury Practice and Instructions" by O'Malley, Grening and Lee (6th ed. 2015), which are appropriate as written, and have routinely been found to be proper and appropriate by the Fourth Circuit among other appellate courts.

II.     Defendant's Proposed Instructions Nos. 30 and 31

The Government objects to Defendant's proposed Instructions numbers 30 and 31 "Absence of a Witness" and "Absence of a Witness—Michael Flynn." A missing witness instruction only is appropriate where a witness is available to one party but not the other. Since that is not the case here, the defendant is not entitled to such an instruction either generally, or as to Michael Flynn. Additionally, the last paragraph of number 31 that begins "If you believe it is peculiarly within the power of the government to produce Michael Flynn . . ."  which is an inaccurate statement that leaves the jury with inaccurate impression that the defense does not have subpoena

power. In fact, the defense has already issued trial subpoenas to a number of government witnesses, and they would have no difficulty in issuing a subpoena to Michael Flynn. Since it is within the power of either party produce Mr. Flynn, Proposed Instruction No. 31 is an inaccurate state of the law, is misleading, and should not be an instruction to the jury. Finally, the instruction is also a specific comment on the weight of the evidence and is inappropriate.

III.     Defendant's Proposed Instruction No. 42

The Government objects to Defendant's proposed Instruction number 42 "Advice of Counsel." The 4th Circuit has held that if a charge does not require proof of specific intent, the defendant is not entitled to an instruction on the defense of advice of counsel. *United States v. Lord*, 710 F. Supp. 615, 617 (E.D. Va. 1989), aff'd, 902 F.2d 1567 (4th Cir. 1990). Additionally, in order to qualify for an advice of counsel instruction, a defendant must have fully disclosed material and relevant facts to his attorney, which the Defendant did not. A defendant cannot lie to his lawyer or omit relevant facts and then claim he relied on his lawyer's advice as an affirmative defense. As such, he is not entitled to such an instruction.

IV.     Defendant's Proposed Instruction No. 50

The Government objects to Defendant's proposed instruction number 50 "Single or multiple conspiracies." This is an instruction only to be given when required by the evidence. The indictment alleges only one conspiracy with multiple objects and not multiple, separate conspiracies. An instruction as to that is unnecessarily confusing and not supported by any facts to be offered at trial.

V.     Defendants' Proposed Instruction No 52

The Government objects to Defendant's proposed instruction number 52 "Essential Elements of the Offense Charged" as it adds in elements that the Government is not required to prove at

trial. The third element added in by the Defendant should be deleted; the registration requirement isn't a separate element it is the consequence of the first two elements being satisfied. The fifth element added in by the Defendant has no basis in the text of the statute.

The first element of the offense should be: "The Defendant agreed to operate within the United States subject to the direction or control of a foreign government, in this case, the government of Turkey." The second element should be: "The Defendant was not engaged solely in a legal commercial transaction." The third element should be: "The defendant failed to notify the Attorney General that he would be acting in the United States as an agent of the government of Turkey."

VI.   Defendants' Proposed Instruction No 53

The Government objects to Defendant's proposed instruction number 53 "Agent Defined" as the instruction mistakes the law as to "legal commercial transaction" and as to the jury's requirement of unanimity on the overt acts performed by the Defendant as an agent of Turkey.

VII.   Defendants' Proposed Instruction No 54

The Government objects to the Defendant's proposed instruction number 54 "Legal Commercial Transaction Defined." The first sentence of the instruction should be: "The term 'agent of a foreign government' does not include any person who is engaged in a 'legal commercial transaction.'" The penultimate sentence is not a correct statement of the law and should be deleted. It is not required that defendant be "engaged in a commercial activity." A proposed statutory definition of "Legal Commercial Transaction is as follows, which is taken directly from the C.F.R. regulation which provides definitions for Title 18 U.S.C. § 951:

> The term legal commercial transaction, for the purpose of 18 U.S.C. 951(d)(4), means any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations.

28 C.F.R. § 73.1(f).

VIII.    Defendants' Proposed Instruction No 55

The Government objects to Defendant's proposed instruction number 55 "Knowingly Defined." Such an application of a mental state does not have any basis in the text of the statute, and the cases cited by the efense do not interpret this particular statute. It is a misapplication of criminal intent entirely and attempts to turn a general intent crime into a specific intent crime.

CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court use the standard jury instructions for Defendant's 11, 14, 30, 31, 33, 40, 45, 46, 47, 51 and 57 and exclude Defendant's 42, 50, 52, 53, 54, and 55.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:       /s/
John T. Gibbs
Virginia Bar No. 40380
James P. Gillis
Virginia Bar No. 65055
Assistant United States Attorneys
S. Katie Sweeten
Special Assistant United States Attorney
The Justin W. Williams
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
John.Gibbs@usdoj.gov
James.P.Gillis@usdoj.gov

      /s/
Evan N. Turgeon
Trial Attorney
Counterintelligence
and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-0176
Evan.Turgeon@usdoj.gov